No. 11,688.

RICE v. CITY OF EVANSVILLE.

MUNICIPAL CORPORATION.—*Sewers.* — *Insufficient Capacity.* — *Negligence.*— *Injury by Overflows.*—*Liability.*—Where there is no negligence in devising the plan of a sewer or in constructing it, a municipal corporation is not liable for an injury to private property resulting from overflows caused by the insufficient capacity of the sewer, unless its inadequacy is such as in itself to constitute negligence.

SAME.—*Grading Street.*—*Consequential Injuries.*—A municipal corporation is not liable 'for consequential injuries resulting from the grading of streets in a careful and skilful manner; but it is liable if it undertakes to collect the water in one channel and is negligent in devising the plan, performing the work, or providing an outlet where one is made necessary by its own act.

SAME. — *Natural Watercourse, What is.* — Ravines through which surface water occasionally flows are not natural watercourses within the meaning of the law. To constitute a natural watercourse there must be a bed and banks and evidences of a permanent stream of running water.

SPECIAL FINDING.— *What Necessary to Authorize Judgment Upon Notwithstanding General Verdict.*—*Burden of Proof.*—Where there is a general verdict against the party having the burden of the issue, he is not entitled to a judgment on the special findings, unless all the facts essential to a recovery by him appear in the answers of the jury and are irreconcilable with the verdict.

From the Vanderburgh Superior Court.

*J. E. Williamson,* for appellant.

*J. B. Rucker,* for appellee.

ELLIOTT, J.—The appellant seeks a recovery against the city of Evansville for injuries to his property caused by overflows, which he charges resulted from the wrongful and the negligent acts of municipal authorities. The general verdict was for the appellee, and with it the jury returned answers to interrogatories submitted to them.

It is found by the jury, in answer to special interrogatories, that there was no negligence in devising the plan of the sewers or in constructing them, and as it is to these sewers that the appellant attributes his injury, he can not recover solely upon the ground that the sewers were of insufficient capacity. A municipal corporation is responsible for negligence in devising the plan of a sewer, as well as for negligence in carrying the plan into execution, but it is not responsible for mere errors of judgment. If the inadequacy in the size of a sewer is owing to the omission to exercise ordinary skill and care in planning and performing the work, the municipal corporation is liable, but if the inadequacy of the sewer is attributable to a mere error of judgment, there

is no liability. *City of North Vernon* v. *Voegler*, 103 Ind.
314; *City of Crawfordsville* v. *Bond*, 96 Ind. 236; *City of
Evansville* v. *Decker*, 84 Ind. 325 (43 Am. R. 86); *Cummins*
v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618); *Weis* v.
*City of Madison*, 75 Ind. 241 (39 Am. R. 135); *City of
Indianapolis* v. *Huffer*, 30 Ind. 235.

The controlling question in cases where the municipal cor-
poration is sought to be made liable for injuries from over-
flows is: Was there negligence on the part of the municipal
corporation in devising the plan of the sewer or in carrying
it into execution? For if there was no negligence there is
no liability, although an error of judgment may have caused
the corporate authorities to provide a plan for a sewer of
inadequate capacity. There may possibly be cases where the
court could say, as a matter of law, that the inadequacy of
the sewer was such as in itself to constitute negligence, but,
however this may be, it is very clear that with the general
verdict and the special answers of the jury against the ap-
pellant, the court can not declare that the city was guilty of
negligence in this instance.

It is contended that the facts found by the jury show that
the city wrongfully obstructed a natural watercourse by con-
structing a culvert of insufficient size, and that where a
natural watercourse is obstructed the corporation is liable for
resulting injuries, although it may not have been guilty of
negligence. Upon the strength of this argument the appel-
lant claims that he is entitled to a judgment on the special
findings, but we can not uphold this claim, for, if it were
granted that there was a natural watercourse, and that a cul-
vert was constructed of insufficient size, still there can be no
recovery, because all the facts essential to a recovery are not
found, and because the answers are not absolutely irrecon-
cilable with the general verdict. It is found that there was
no negligence, and that the culvert is of less capacity than
the watercourse was, but how much less is not found. The
record thus exhibits the finding: Question. "How much

less capacity has the sewer than the watercourse?" Answer. "Don't know; there was no evidence on that point." In the face of the general verdict, and in view of the fact that the burden of proof was on the appellant, it can not be asserted that his case is made out, for it may well be that the capacity of the sewer was so little different from that of the natural watercourse as not to perceptibly obstruct the flow of water. As against the general verdict, it can not be presumed that there was a material obstruction of the watercourse. Nor does it appear from the answers that the culvert caused the overflows; for anything that appears, the overflows may have occurred more often before than after the construction of the culvert. Nor does it appear that the incapacity of the culvert was the proximate cause of the overflow of appellant's property, and it is well settled that it must appear that the wrong of the defendant was the proximate cause of the injury which is alleged as the cause of action. *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer,* 99 Ind. 486.

It is the rule that a special verdict must state all the facts essential to a recovery, and that nothing can be supplied by intendment. *Dixon* v. *Duke,* 85 Ind. 434; *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Redelsheimer* v. *Miller,* 107 Ind. 485.

It is also the settled rule, that if facts are not found in a special finding they will be presumed, as against the party who has the burden of proof, not to have been proved. *Mitchell* v. *Colglazier,* 106 Ind. 464; *Krug* v. *Davis,* 101 Ind. 75.

If these are the rules where there is no general verdict, much stronger is the reason for the rule which obtains in cases where there is a general verdict adverse to the party who asks a judgment on the special finding of the jury. Where there is a general verdict against the appellant, certainly neither presumption nor intendment in his favor can be made for the purpose of awarding him a judgment. *Bal-*

*timore, etc.; R. R. Co.* v. *Rowan,* 104 Ind. 88. The facts found by the jury in this case, even if there were no general verdict against appellant, would not warrant a judgment in his favor on the ground assumed in the argument we are here discussing, and with the general verdict confronting him, it is legally impossible for him to succeed. The plaintiff, who has the burden of proof in a case where a general verdict is against him, is in a much worse situation than his adversary, for all the facts essential to a recovery must appear in the answers of the jury, and they must be irreconcilable with the general verdict; while in the case of the defendant, all that need appear is enough to defeat the plaintiff's case, and make a reconciliation between the general verdict and the answers of the jury impossible.

It is also contended by counsel with much earnestness and ability, that, taking all the facts found by the jury into consideration, the court can declare, as matter of law, that the city was guilty of negligence; but, with the general verdict, and some of the answers of the jury adverse to the appellant, this can not possibly be done. Where a plaintiff asks a judgment on the special findings, notwithstanding the general verdict, he will fail unless all the findings are favorable to him, for, if some are favorable and some unfavorable, he can not escape the force of the general verdict. *Redelsheimer* v. *Miller, supra; Davis* v. *Reamer,* 105 Ind. 318; *Hereth* v. *Hereth,* 100 Ind. 35, and cases cited; *Indiana Car Co.* v. *Parker,* 100 Ind. 181, see p. 198.

Applying these settled principles to the case before us, it is quite clear that judgment can not be awarded the appellant on the answers to interrogatories on the ground that they show negligence on the part of the city.

It has long been the law of this State, that for consequential injuries resulting from the grading of streets in a careful and skilful manner, the municipal corporation is not liable. *Macy* v. *City of Indianapolis,* 17 Ind. 267; *Weis* v. *City of*

*Madison, supra; City of Kokomo* v. *Mahan,* 100 Ind. 242, and cases cited p. 244.

So far, then, as any injury resulted from the grading of the streets, no claim can be successfully urged against the city, although it may have greatly increased the flow of surface water along the property of the appellant.

While it is the law that a city is not responsible for consequential injuries resulting from the careful and skilful grading of its streets, still, it is liable if it undertakes to collect the water in one channel, and is negligent in devising the plan, performing the work, or providing an outlet where one is made necessary by its own act. A municipal corporation is not, however, bound to undertake the work of providing sewerage or drainage, but if it does enter upon the work, it is liable for negligence in devising the plan and in doing the work. *Weis* v. *City of Madison, supra,* and cases cited; *City of Logansport* v. *Wright,* 25 Ind. 512.

In this case there is evidence supporting the appellant's theory that there was negligence in devising the plan of the sewer as well as in doing the work, but there is also evidence to the contrary, and we must accept that as credible on which the jury acted. *Binford* v. *Adams,* 104 Ind. 41; *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464; *Gathright* v. *Burke,* 101 Ind. 590; *Julian* v. *Western Union Tel. Co.,* 98 Ind. 327; *Cain* v. *Goda,* 94 Ind. 555; *Arnold* v. *Wilt,* 86 Ind. 367.

Accepting as trustworthy the evidence which influenced the jury, we must hold that there was no negligence.

We can not agree with counsel that the evidence shows without conflict that the city wrongfully collected the water in one channel and poured it upon the appellant's property, for on this point there is a material conflict. We agree with counsel as to the legal proposition that a city is liable if it undertakes to collect water in one channel, and wrongfully pours it upon another's land. *Lipes* v. *Hand,* 104 Ind. 503; *City of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86);

*Weis* v. *City of Madison, supra; Cairo, etc., Co.* v. *Stephens,* 73 Ind. 278, 283 (38 Am. R. 139) ; *Templeton* v. *Voshloe,* 72 Ind. 134, and cases cited (37 Am. R. 150).

While we agree with counsel as to the legal proposition, we think the case is not within the rule, for the reason that the evidence fairly shows that the city attempted to convey the water past the property of the appellant, but was not guilty of negligence, although the officers of the city may have erred in judgment as to the size of the sewer or culvert. In this state of the evidence we must respect the verdict of the jury upon this point.

We can not concur in counsel's view that the evidence shows without conflict that the city undertook to build a culvert across a natural watercourse. We need not decide whether there is, or is not, an absolute liability irrespective of the question of negligence, in cases where a municipal corporation undertakes to build a sewer, and it is therefore unnecessary for us to comment upon the cases of *Perry* v. *City of Worcester,* 6 Gray, 544, *Earl* v. *De Hart,* 1 Beasley, 280, *Palmer* v. *Waddell,* 22 Kan. 352, and other like cases referred to by the appellant. There is some evidence tending to prove that there was a natural watercourse, but there is evidence to the contrary, and we can not attempt to reconcile the conflict.

Ravines through which surface water occasionally flows are not natural watercourses within the meaning of the law. " To constitute a natural watercourse, there must be a bed and banks and evidences of a permanent stream of running water." *Weis* v. *City of Madison, supra. Hoyt* v. *City of Hudson,* 27 Wis. 656 (9 Am. R. 473) ; *Howard* v. *Ingersoll,* 13 How. 381, 427.

We do not think the evidence in this case so clearly shows that there was a natural watercourse as to make it our duty to reverse on the evidence.

Judgment affirmed.

Filed Oct. 16, 1886.