No. 1,133.

## The City of Peru *v.* Brown.

Municipal Corporation.—*City.—Defective Improvements.— Overflow of Land.—Damages.—Liability.—Negligence.—Error in Judgment.—*A city is not liable in damages for an overflow of land, caused by a defective culvert in one of its streets, unless negligence is shown in the plan or construction of such improvement. In such case an error in judgment will not create liability.

Same.—*City.*—*Defective Improvement.*—*Negligence as a Matter of Law.—*In such case, where the grade at which the culverts were placed is not given, nor the size, nor the character of the gutter and the soil above the culvert, nor what consideration the city council gave the matter before adopting the plan, but it does appear that the improvement was made with the full knowledge and consent of the plaintiff, and upon the recommendation of the committee on streets, of which plaintiff was a member, the appellate tribunal can not infer negligence as a matter of law.

From the Miami Circuit Court.

*R. P. Effinger, L. Walker* and *W. B. McClintic,* for appellant.

Gavin, J.—The appellee brought suit to recover damages resulting from the flooding of his lands by reason of defective culverts. There was a trial and special verdict returned by the jury. The verdict is a peculiar one, contradictory in some of its features. It shows, however, that appellant's land was flooded by reason of a culvert's becoming filled up and obstructed. It is expressly found that "the whole amount of damage accruing to said Brown under the matters stated in his complaint, was by reason of the defective plan of construction approved by him."

Brown, the appellee, had been a member of the council, and of the committee which recommended and adopted the plans for the improvement.

The culvert complained of was across Grant street, in the city of Peru, at a point where it intersected the Boulevard, the former street being 66 feet wide, and the latter 70 feet wide. Upon the west side of Grant street, above the Boulevard, a gutter has been constructed with a rapid fall, which emptied into a culvert which crossed the Boulevard and intersected the culvert crossing Grant street at an angle of about 73 degrees at a point six or three feet (it is stated both ways) from the outlet of the Grant street culvert.

The Grant street culvert, *i. e.*, the one crossing Grant street at right angles, was two feet wide and three feet high. The dimensions of the other one are not given.

The jury finds "That the plan of said drainage was defective in causing the intersection of said culverts at an angle so nearly a right angle that the earth, sand, gravel and sediment carried into said culvert from the north was arrested and deposited in said culvert crossing Grant street, thereby obstructing the outlet of the same." This is the only defect in the plan of the drainage which we have been able to discover.

The jury, in its special verdict, having declared this defective plan to have been the sole cause of the injury so far as relates to the conduct of the appellant, we are called upon to determine whether the facts stated are sufficient to enable us to declare an actionable wrong to have been committed by appellant.

The law must be regarded as settled in Indiana that municipal corporations are liable for the results of their negligence in adopting defective plans for public improvements. *City of North Vernon* v. *Voegler*, 103 Ind. 314, and cases there cited; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Rice* v. *City of Evansville*, 108 Ind. 7; *City of New Albany* v. *Ray*, 3 Ind. App. 321.

It is, however, equally well settled that if there is no

negligence, there is no liability, even though there be an error in judgment, and the plan be really defective.

In *Rice* v. *City of Evansville, supra,* ELLIOTT, J., says the controlling question is: "Was there negligence on the part of the municipal corporation in devising the plan of the sewer or in carrying it into execution? For if there was no negligence there is no liability, although an error of judgment may have caused the corporate authorities to provide a plan for a sewer of inadequate capacity."

In *City of Terre Haute* v. *Hudnut, supra,* the same judge says: "While our cases have always held that municipal corporations are liable for negligence in devising a plan, they have, from first to last, declared that there is no liability unless there is negligence."

Negligence in devising this plan, being then absolutely essential to appellee's recovery, it is necessary to determine whether, upon the facts shown, we can declare negligence as a matter of law. The grade at which the culverts were placed is not given, nor the size of the entering culvert, nor the character of the gutter and soil above it. What examination the city council made before adopting the plan, what consideration they gave, whether or not they consulted an engineer, do not appear; although it does appear that the work was done under the advice and with the full knowledge and consent of appellee, and upon the recommendation of the committee on streets, of which he was a member.

In the absence of knowledge upon all these points, we can not infer negligence as a matter of law from the simple fact that these culverts were defective in plan and became obstructed and filled up by the accumulations of dirt and sand. The council may have reasonably expected that the grade of these culverts was such that the current of water would be strong enough to wash them

clean from all sediment which might be deposited so close to the point of outlet. Evidently the appellee, the man most interested, must have thought so or he would not have advised its construction in this manner.

There might be cases where the means adopted were so grossly and patently inadequate as to constitute negligence in themselves, but this is not such a case. *Rice v. City of Evansville, supra.*

The burden being upon appellee to establish, by the special verdict, every fact essential to his recovery *(Toledo, etc., R. W. Co. v. Trimble,* 8 Ind. App. 333; *Kehr v. Hall,* 117 Ind. 405), we are constrained to hold that the court erred in rendering judgment in his favor.

The judgment is reversed, with instructions to the trial court to enter judgment upon the special verdict in favor of appellant.

Ross, J., did not participate.

Filed Sept. 27, 1894.