## CITY OF CONNERSVILLE *v.* SNIDER.

[No. 4,389.   Filed May 26, 1903.]

MUNICIPAL CORPORATIONS.—*Defective Bridge.*—A city is liable in damages for failure to keep its bridges in a reasonably safe condition.  *p. 219.*

SAME.—*Defective Bridge.*—*Notice.*—A city is chargeable with notice of a defect in a bridge in a populous part of the city consisting of a hole two feet long and six inches wide which had existed for three or four months.  *pp. 219, 220.*

DAMAGES.—*Pleading.*—*Evidence.*—An averment in a complaint in an action for personal injuries that "the muscles of plaintiff's legs, arms, sides, back, abdomen, and bowels were strained and bruised to an extent that plaintiff suffered great pain of body and anguish of mind" was sufficient to admit evidence that a hernia with which plaintiff was suffering at the time of the injury was aggravated by the injuries received.  *p. 220.*

From Fayette Circuit Court; *F. S. Swift,* Judge.

Action by Edward Snider against the city of Connersville. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*G. C. Florea* and *L. L. Broaddus,* for appellant.
*R. N. Elliott, F. I. Barrows, Reuben Conner* and *Lon Conner,* for appellee.

ROBINSON, C. J.—Appellee recovered a judgment for damages for personal injuries from an alleged defective bridge.

It is argued at some length that, in the absence of some statute, cities are not liable for negligence in omitting to keep bridges in repair, as they are subdivisions of the State for local government exercising powers delegated by the State, and burdened with no greater liability for their non-exercise than the State. Whatever may be the rule in other jurisdictions, the doctrine has long been recognized in this State that cities, having exclusive power over streets, highways, and bridges within the city, and having the power of taxation for general purposes, the duty devolves upon them to keep the streets in a reasonably safe condition for travel, and for failure to do so they must respond in damages to a person injured by their neglect. We think it unnecessary to cite the long list of authorities recognizing this doctrine, beginning with *Higert* v. *City of Greencastle,* 43 Ind. 574, and *Grove* v. *City of Ft. Wayne,* 45 Ind. 429, 15 Am. Rep. 262. Not only has this doctrine been recognized, but in *Town of Boswell* v. *Wakley,* 149 Ind. 64, the court expressly declined to overrule the long line of decisions holding municipalities liable, and approved the distinction drawn in *Board, etc.,* v. *Allman,* 142 Ind. 573, 39 L. R. A. 58, between the powers and liabilities of municipalities in this respect and the powers and liabilities of counties.

It does not appear that the municipality or its officials had any actual notice of the defect in the bridge, but it

appears that the bridge was in a populous part of the city, and that the defect consisted of a hole two to three feet long and six inches wide, which had existed for three or four months. Under such circumstances the city is chargeable with notice.

An averment in the complaint that "the muscles of plaintiff's legs, arms, sides, back, abdomen, and bowels were strained and bruised to an extent that the plaintiff suffered great pain of body and anguish of mind," etc., was sufficient to admit evidence that a hernia with which appellee was suffering at the time was aggravated by the injuries received. The evidence tended to show that his existing physical condition was injuriously affected. Evidence tending to show the actual damage suffered by appellee from appellant's negligence was competent.

There is nothing in the record from which we can say that the damages allowed by the jury were excessive. There is evidence to authorize a verdict for the amount given. As we can not say from the whole record that the jury abused the discretion vested in them, and as there is evidence to authorize the verdict, we can not disturb it.

Judgment affirmed.