## CITY OF LAFAYETTE v. CLARK, ADMINISTRATRIX.

### [No. 10,863. Filed November 2, 1921.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Any error in the action of the trial court in overruling motion for judgment on answers to the interrogatories notwithstanding the general verdict, is waived, where appellant in its brief fails to state any proposition or point in reference to such ruling. p. 567.

2. MUNICIPAL CORPORATIONS.—*Street Improvements.—Adoption of Defective Plan.—Personal Injuries.—Liability of City.*— Although a municipal corporation is not liable for mere errors of judgment in adopting a plan for the improvement of a street, it may be liable where a defective plan is adopted by reason of negligence in making the selection. p. 567.

3. MUNICIPAL CORPORATIONS.—*Obstruction in Streets.—Placing in Pursuance to Adopted Plan.—Personal Injuries.—Liability of City.*—The mere fact that a city places an obstruction in a public street in pursuance to an adopted plan for the improvement thereof would not necessarily relieve the city from injuries caused by such obstruction. p. 568.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability of City.*—A city cannot escape liability for failure to keep its streets in a reasonably safe condition for travel on the theory that such omission is the failure to discharge a purely governmental function for which there is no liability. p. 568.

5. APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—A verdict sustained by some evidence is conclusive on appeal, as the court cannot weigh the evidence to determine where the preponderance lies. p. 569.

6. MUNICIPAL CORPORATIONS.—*Obstruction in Streets.—Personal Injuries.—Evidence of Similar Obstructions.—Admissibility.*— In an action against a municipal corporation for the wrongful death of a traveler due to an alleged obstruction in a public street, where defendant, for the purpose of showing that the condition complained of was a part of a general plan for the improvement of its streets, offered evidence that similar conditions existed elsewhere in its streets, such evidence was properly excluded, since it would not tend to prove that such plan was so adopted as to relieve the city from liability resulting therefrom; and, if the condition in question constituted a defect in the street, existence of other similar defects would not aid the city in its defense. p. 569.

7. APPEAL.—*Record.—Clerical Errors.—Substitution of Proper Word.*—Where the record recites that appellant and appellee each made timely requests for the giving of certain instructions, some of which were given and some refused, and then

states "all of which instructions, both given and severally, were, at the conclusion of the reading of those which were given, filed with the clerk of this court," the word "refused" will be substituted for the word "severally," it being apparent that the use of such word instead of "refused" was due to clerical error. p. 571.

8. APPEAL.—Review.—Instructions.—Invited Error.—Alleged error in the giving of instructions is not available where the error was invited by appellant's requested instructions. p. 571.

9. APPEAL.—Questions Reviewable.—Error in Instructions.— Failure to Assign as Ground for New Trial.—Where appellant failed to assign alleged error in instructions as a ground for new trial, no question in reference thereto is presented for review on appeal. p. 572.

10. APPEAL.—Review.—Refusal of Instructions.—The refusal of requested instructions is not error where they were substantially covered by those given. p. 573.

From Carroll Circuit Court; Benjamin F. Carr, Judge.

Action by Catherine Clark, administratrix of the estate of Clifford Clark, deceased, against the city of Lafayette. From a judgment for plaintiff, the defendant appeals. Affirmed.

Arthur D. Cunningham and Pollard, Cartwright & Wason, for appellant.

Charles L. Vaughan, Hanna & Hall, Charles V. McAdams and Clyde H. Jones, for appellee.

BATMAN, J.—This is an action by appellee to recover the damages sustained by the next of kin of Clifford Clark, whose death, it is alleged, was caused by the following acts of negligence on the part of appellant: (1) In constructing and maintaining at the intersection of two of its streets a dangerous obstruction, consisting of a gutter and catch-basin, depressed seven or eight inches below the surface of said streets, and certain stone slabs set in connection therewith, which extended out into said streets a distance of three feet, and seven or eight inches above the grade thereof; (2) in permitting a

large boulder, twelve inches in diameter, to be and remain in one of said streets for many years, within a few inches of the obstruction above described; (3) in failing to have a street light burning at said street intersection on the night that appellee's decedent received his fatal injuries. The complaint is in a single paragraph, to which an answer in general denial was filed. The cause was submitted to a jury for trial, which returned a verdict in favor of appellee, together with its answers to certain interrogatories. Appellant filed a motion for judgment on these answers, notwithstanding the general verdict, and also a motion for a new trial, each of which was overruled. A judgment on the general verdict in favor of appellee followed. Appellant is now prosecuting this appeal on an assignment of errors, which requires a determination of the questions hereinafter considered.

Appellant has not stated in its brief any proposition or point on the action of the court in overruling its motion for judgment in its favor on the answers to

1. the interrogatories notwithstanding the general verdict, and has thereby waived any error in that regard. Its first contention is based on a claim that the verdict of the jury is contrary to law. In support of this reason for a new trial it insists that the alleged obstruction in the street in question was placed therein in pursuance of a plan adopted by it for the improvement of the same; that, being a municipal corporation, the adoption of such plan was the exercise of a *quasi* legislative or judicial function, and hence it was not liable for any error in judgment in so doing. It is well settled, that, while a municipal corporation is not

2. liable for mere errors of judgment in adopting a plan for the improvement of a street, it may be liable where a defective plan is adopted, resulting from negligence in making the selection, rather than from

error in judgment. *City of North Vernon* v. *Voegler* (1885), 103 Ind. 314, 2 N. E. 821; *Rice* v. *City of Evansville* (1886), 108 Ind. 7, 9 N. E. 139, 58 Am. Rep. 22; *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 13 N. E. 686; *City of Valparaiso* v. *Adams* (1890), 123 Ind. 250, 24 N. E. 107; *City of Peru* v. *Brown* (1894), 10 Ind. App. 597, 38 N. E. 223; Elliott, Roads and Streets (2d ed.) §473; *Hart* v. *Neillsville* (1905), 125 Wis. 546, 104 N. W. 699, 1 L. R. A. (N. S.) 952, 4 Ann. Cas. 1085; *Giaconi* v. *City of Astoria* (1911), 60 Ore. 12, 118 Pac. 180. As said in the case last cited: "Governmental powers should be exercised in accordance with the principles of natural justice and common sense. A municipality ought not to be upheld by the courts in the heedless adoption, under the guise of legislation, of some crude scheme which cannot be accomplished without the infliction of direct, as distinguished from consequential, injuries upon some of its citizens. To hold otherwise would be a long step towards sanctioning the ruthless exercise of arbitrary power. Immunity for mere error of judgment in matters of governmental cognizance ought not to be overturned or impaired; but when public works are planned with such carelessness as to amount to absence of judgment the reason of the rule fails, and the application thereof fails with

3. it." It follows that the mere fact, if it be a fact, that the alleged obstruction was placed in the street pursuant to an adopted plan, would not necessarily relieve appellant from liability.

It is also insisted that the failure of a municipal corporation to keep its streets in a reasonably safe condition for travel is the failure to discharge a purely

4. governmental duty for which there is no liability. In support of this contention appellant has cited the case of *Board, etc.* v. *Allman, Admr.* (1895), 142 Ind. 573, 42 N. E. 206, 39 L. R. A. 58, as well as a num-

ber of decisions in other jurisdictions. However, we note that in the case of *Board, etc.* v. *Allman, Admr., supra,* the Supreme Court made a distinction between the powers of counties with reference to bridges, and the powers of cities over streets. In the later case of *Town of Boswell* v. *Wakley* (1897), 149 Ind. 64, 48 N. E. 637, the Supreme Court approved this distinction, and this court subsequently recognized the same in the case of *City of Connersville* v. *Snider* (1903), 31 Ind. App. 218, 67 N. E. 555. Being bound by the decisions of the Supreme Court on the question presented, we hold that appellant's contention is not well taken.

Appellant contends that the verdict is not sustained by the evidence, either as to its negligence or the contributory negligence of appellee's decedent. It

5. suffices to say in this regard, that there is some evidence tending to sustain the verdict on each of these questions. This being true, we are not permitted to weigh the evidence to determine where the preponderance lies, but are bound by the determination of the jury in that regard. *Workman* v. *Rhodes* (1917), 65 Ind. App. 413, 117 N. E. 526.

Contention is also made that the court erred in not permitting certain witnesses to testify that the same condition in the street, which it is alleged con-

6. stituted an obstruction and resulted in the death of appellee's decedent, existed at other places. The purpose of this evidence, as claimed by appellant, was to show that such condition was part of a general plan for the improvement of its streets. While the admission of such evidence would have shown such conditions existed elsewhere in appellant's streets, it would not have tended to show that they were made in pursuance of an adopted plan, which would relieve it from liability in case injury resulted therefrom. In order for a plan to serve such purpose, there must not only

be an absence of negligence in its selection, but it must appear to have been adopted by the common council in the exercise of its discretionary authority. As said in the case of *Hart* v. *Neillsville, supra*: "While the law is .well settled that, in case the governing body of a city, duly authorized thereto by its charter, adopts a plan for a sewage system and executes the same, it is immune from injuries resulting to private property not involving an unconstitutional taking thereof, but which are referable to defects in the plan itself * * * the mere circumstance of the construction of a sewage system by the properly authorized officers of a city does not satisfy that rule. The basic principle thereof is that discretionary authority being vested in the governing body of a city to adopt a plan for a system of sewage, defects in a plan so adopted are referable to mere errors in judgment, and, as regards resulting liability for injuries to private rights, are governed by the same rule as mistakes generally in the exercise of *quasi-judicial* authority. It follows necessarily that where such authority is not exercised at all, where a system of sewage is constructed by a city without any plan therefor, passed upon and adopted by the governing body of the corporation, the reason for exempting it from liability for defects attributable to faults in the plan does not exist. It is not the mere construction of a sewage system by a city which exempts the corporation from liability for injuries caused by its operation growing out of defects in the plan thereof, but such construction according to a plan stamped with judicial approval, so to speak, of the proper governing body." The same rule would apply in the improvement of streets. See also, *Gould* v. *City of Topeka* (1884), 32 Kan. 485, 4 Pac. 822, 49 Am. Rep. 496; *Hodges* v. *City of Waterloo* (1899), 109 Iowa 444, 80 N. W. 523. If the condition in question constituted a defect in the street,

the existence of other similar defects would not aid appellant in its defense. Thompson, Negligence (2d ed.) §7845; *Bauer* v. *City of Indianapolis* (1884), 99 Ind. 56. We conclude that the court did not err in excluding the offered evidence.

Appellant contends that the court erred in giving, and refusing to give certain instructions. Appellee seeks to avoid a consideration of any question relating to instructions, except those given by the court on its own motion, by asserting that the record fails to show that they were filed. An examination of the record discloses, that it recites that appellant and appellee each made timely requests for the giving of certain instructions, some of which were given and some of which were refused, and that the court gave certain instructions on its own motion. It then states, "All of which instructions, both given and severally, were, at the conclusion of the reading of those which were given, filed with the clerk of this court." It is apparent that the use of the word "severally" in the above quotation instead of the word "refused" is the result of a clerical error. Under these circumstances we are fully justified in substituting the proper word for the one erroneously used by reason of such error. *Landon* v. *White* (1885), 101 Ind. 249; *Indiana, etc., R. Co.* v. *Dailey* (1887), 110 Ind. 75, 10 N. E. 631; *Pittsburgh, etc., R. Co.* v. *Montgomery* (1898), 152 Ind. 1, 49 N. E. 582. When this is done it is obvious that appellee's contention is not well taken.

Appellee makes certain contentions as to the sufficiency of appellant's brief to present any question as to the instructions given and refused. A strict adherence to the rules would require that we sustain appellee's contention in this regard, but we are led to conclude that appellant has made a good-faith effort to comply with the court's requirements in the

preparation of its brief, and has so far succeeded as to authorize us to consider the merits of the questions relating to the instructions. *Ditton* v. *Hart* (1911), 175 Ind. 181, 93 N. E. 961; *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 109 N. E. 230; *Evansville R. Co.* v. *Miller* (1916), 64 Ind. App. 206, 111 N. E. 1031. Appellant contends that the court erred in giving instructions numbered 6, 7 and 8. If there was any error in giving these instructions, or any one of them, the error was invited by appellant in its request for instruction No. 26, which was refused, and instruction No. 37 9. which was given. *Indianapolis, etc., Traction Co.* v. *Senour, Admx.* (1919), 71 Ind. App. 10, 122 N. E. 772 and cases cited. Appellant also contends that the court erred in giving instruction No. 12½, but as it failed to assign such error as a cause for new trial, no question is presented for our determination with reference thereto.

The contentions made with reference to the meaning of the closing sentence in instruction No. 21, given at the request of appellee, discloses that it is somewhat ambiguous. To give it the meaning for which appellant contends, would attribute to it a meaning so unreasonable that we feel warranted in assuming that the jury would not have so understood it, and especially in view of instructions numbered 6 and 7, given at the request of appellant, relating to the duty of a city with reference to keeping its streets in a safe condition for travel. We are of the opinion that there was no reversible error in' giving the instruction in question. We are also of the opinion that appellant's criticism of instruction No. 11, given by the court on its own motion, does not show that reversible error was committed in giving the same, as it clearly informed the jury that appellee's decedent must have acted as a person of ordinary prudence, under all the circumstances, in order that the negligence, if any,

of the driver of the automobile should not be imputed to him.

Appellant complains of the action of the court in refusing to give certain instructions tendered by it. A careful examination of these instructions leads us to conclude, that certain ones thereof fail to state the law correctly, and others are not applicable to the evidence. Those which are not objectionable for either of these reasons are so far covered by the instructions given, as to prevent their refusal from constituting reversible error. We conclude that the court did not err in overruling appellant's motion for a new trial. Judgment affirmed.