# Metcalf *v.* St. Louis & San Francisco R. R. Co.

*Action for Death of Passenger.*

(Decided June 18, 1908. 47 South. 158.)

1. *Carriers; Injuries to Passenger; Station Platform; Pleading.*— A plea of contributory negligence which fails to negative the fact that plaintiff was standing on a platform where defendant was accustomed to receive and discharge passengers, and which fails to charge plaintiff with knowledge of the projection on the passing train is not an answer to a complaint which alleges that plaintiff's intestate went to a regular station for receiving and discharging passengers, and while standing on the platform waiting for a train, was struck by a projection from a passing freight train and killed, by being knocked under the train.

[Metcalf v. St. Louis & San Francisco R. R. Co.]

2. *Same; Contributory Negligence.*—A passenger on a station platform has a right to rely upon the safety of the platform as against passing trains, and unless he knew that the train or the projection would extend over the platform while passing, he is not guilty of contributory negligence in being on the platform.

3. *Pleading; Matters Cognizable Under General Issue; Demurrer.*—When matter pleaded specially can be shown under the general issue, which is pleaded, the sustaining of a demurrer to such special plea works no injury to the party pleading.

4. *Trial; Conduct of Counsel; Argument.*—Argument of counsel not based upon facts in the evidence is properly excluded on objection.

APPEAL from Lamar Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by P. H. Metcalf, as administrator, against the St. Louis & San Francisco Railroad Company for the death of plaintiff's intestate. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint alleges that plaintiff's intestate went to a regular station for receiving and discharging passengers, and while standing on the platform waiting for a passenger train a freight train passed at a rapid rate, and a projection therefrom struck plaintiff's intestate, knocking him under the freight train and killing him. The following pleas were filed to the complaint: (2) "That plaintiff's intestate was guilty of negligence, which contributed proximately to his injury, in this: that plaintiff's intestate negligently took a position too near to the passing train." (5) Contributory negligence in attempting to get onto a rapidly passing freight train. Demurrers were interposed to plea 2, in that it is no answer to the complaint, and that it fails to allege that plaintiff's intestate took a position too near the passing train, with knowledge of the fact that a piece of timber or other substance was projecting, or that he was in an unsafe place if such timber or other substance had not been projecting.

C 16

The following charges were given at the request of defendant: "(1) Unless you are reasonably satisfied from the evidence that Metcalf was at the depot within a reasonable time before the passenger train was due to arrive for the purpose of becoming a passenger on the expected train, you must find for the defendant. (2) The court charges you that it is for the jury to decide whether or not Metcalf went to the depot an unreasonable time before the time the passenger was due to arrive, and if you are reasonably satisfied from the evidence that he did go to the depot an unreasonable time before the train was due to arrive, you must find for the defendant."

Assignments of error as to evidence are as follows: "The court erred in sustaining the objections to the question to C. E. Pearson, 'Defendant has not yet fulfilled its contract as to how much it is to pay you?' And the question, 'Defendant is paying you—state how much you are going to require it to pay you?' The court erred in overruling defendant's objection to the answer of the witness, He was drunk at the time I saw him get on the train at 1 o'clock.' The court erred in not excluding the answer of said witness, 'Mr. Bankhead talked to me at court, yesterday,' The court erred in permitting the following question to the witness Eads: 'What do you mean by saying that you never told anybody what you were going to tell?' and in sustaining appellee's objection to the following question: 'What was he there to see you about this time?' "

In the argument to the jury the counsel for appellant stated, "You will never find an employe working for any corporation that ever told anything unfavorable against his employer." On objection by defendant this argument was excluded.

[Metcalf v. St. Louis & San Francisco R. R. Co.]

WALTER NESMITH, and STALLINGS & DRENNEN, for appellant. The court should have sustained demurrers to pleas 2 and 5.—*L. & N. R. R. Co. v. Markee*, 103 Ala. 164; *T. C. I. & R. R. Co. v. Herndon* 100 Ala. 551. The court erred in giving charges 3, 4, and 5.—*Mills v. The State*, 42 South. 816; *Jones' Case*, 79 Ala. 23; *Riley v. Riley*, 36 Ala. 496. The court erred in its oral charge to the jury.—*Southern Ry. Co. v. Crowder*, 130 Ala. 264.

BANKHEAD & BANKHEAD, for appellee. There is no judgment overruling the demurrer.—5 Mayf. pp. 561-2. The passenger went upon the platform an unreasonable length of time before the arrival of the train upon which he expected to take passage.—*Harris v. Stevens*, 73 Am. Dec. 337. The charges requested by the defendant did not submit a question of law to the jury.—*Aymar v. Beers*, 17 Am. Dec. 544; *Morrell v. Whiting*, 32 Ala. 54; *Drake v. Goree*, 22 Ala. 417; *Hooks v. The State*, 99 Ala. 166. A railroad owes only the duty of good neighborhood to the general public at its depot.—*M. & E. R. R. Co. v. Thompson*, 77 Ala. 448.

ANDERSON, J.—The second plea was no answer to the complaint, as it does not negative the fact that the intestate was standing on the platform of the station, where defendant's servants were accustomed to receive and discharge passengers, or to charge him with knowledge of the projection from the passing train. The intestate was not guilty of negligence in being on the platform, unless he knew that the train or projection would extend over same while passing. He had the right to rely upon the safety of the platform as against passing trains. The trial court erred in not sustaining the demurrers to the second plea.

[Birmingham Railway Light & Power Co. v. Harden.]

The plaintiff derived no injury from the overruling of the demurrer to plea 5, as it could have been proven under the general issue. If the plaintiff's intestate was killed while attempting to get on a rapidly passing train, then he was not killed in the manner charged in the complaint.

Charges 1 and 2, given at the request of the defendant, were in conflict with the oral charge; but we need not decide whether their influence upon the jury was overcome by the oral charge or not, if they were bad, as this case must be reversed, and the conflict need not occur upon the next trial.

There is no merit in the assignments of error relating to the ruling of the court upon the evidence, or in checking the argument of counsel, which was not supported by the facts in the case.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.