## WALDA, ADMINISTRATRIX, v. THE FORT WAYNE AND WABASH VALLEY TRACTION COMPANY.

[No. 8,056.   Filed October 31, 1913.]

1. APPEAL.—*Waiver of Error.*—Specifications in the motion for new trial that are not presented on appeal are deemed waived. p. 402.

2. RAILROADS.—*Interurban.*—*Injury to Person on Track.*—*Contributory Negligence.*—Where decedent stepped in front of an interurban car moving at the rate of thirty-five miles an hour to signal it to stop, and on being pulled from the track immediately returned to his position on the track, although he could have given a signal for the car to stop from either side of the track as effectively, and without danger, he was guilty of negligence contributing directly to his injury and death, and a recovery is barred, unless it can be said that the motorman was guilty of negligence after he knew of decedent's peril, or that the injury was wilfully inflicted.   p. 403.

3. RAILROADS.—*Interurban.*—*Injury to Person on Track.*—*Last Clear Chance.*—Where decedent voluntarily placed himself in a perilous position upon defendant's track in front of a rapidly moving car, and, after fully realizing that the motorman either did not see him or was paying no heed to his signals to stop, could have left the track and avoided the injury, but failed to do so, defendant cannot be charged with liability under the doctrine of last clear chance, since decedent himself, and not the motorman, had the last clear chance to avoid the injury.   p. 404.

4. APPEAL.—*Review.*—*Answers to Interrogatories.*—*Wilful Negligence.*—There can be no recovery on a complaint based on the theory of wilful negligence in view of answers to interrogatories specifically finding that the injury was not wilfully or intentionally inflicted.   p. 406.

5. APPEAL.—*Review.*—*Harmless Error.*—*Conduct of Court.*—Error, if any, on the part of the court in directing the jury to retire for the purpose of making a more specific answer to an interrogatory, without returning to it the general verdict, was harmless, where the court stated "all I am sending with you is the interrogatories, unless you request something further," and it appears that the jury made no request, and the more specific answer shows that the verdict would not have been changed.   p. 406.

6. NEGLIGENCE.—*Last Clear Chance.*—*Contributory Negligence.*—*Intoxication.*—Under the doctrine of last clear chance, neither fail-

ure on the part of the injured person to use care and diligence proportionate to the danger, nor voluntary intoxication, will prevent a recovery, if defendant was negligent in using the last clear chance to avoid the injury.    p. 407.

7.    APPEAL.— *Review.*— *Harmless Error.*— *Instructions.*— *Plaintiff Not Entiled to Recover.*—Although instructions given on the subject of last clear chance in a negligence case were vitally erroneous, the error cannot be ground for reversal, where the verdict was for defendant, and the facts found by the jury's answers to interrogatories would preclude a recovery by plaintiff in any event.    p. 407.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Louise Walda, administratrix of the estate of Christian C. Walda, deceased, against The Fort Wayne and Wabash Valley Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Lesh & Lesh* and *Watkins & Butler,* for appellant.

*George M. Eberhart, J. Fred France* and *Barrett & Morris,* for appellee.

IBACH, J.—Appellant brought this action against appellee to recover damages for the alleged negligent killing of her husband. The complaint is in three paragraphs, each of which was assailed by a separate demurrer for want of facts. These demurrers were overruled and issues joined by general denial. The trial resulted in verdict and judgment for appellee. The only error assigned calls in question the action of the trial court in overruling appellant's motion for new trial. This motion contains twenty-four sep-

1.    arate specifications, some of which must be deemed waived on account of appellant's failure to present them, and those which are properly presented we will discuss in their order. Although the sufficiency of the complaint is not questioned, it is important to state that the first paragraph proceeds upon the theory of mere negligence, the second upon what is understood as "the doctrine of the last clear chance", and the third upon the theory of wilfulness.

Facts found by the jury in answer to interrogatories, in so far as they are pertinent to the questions here involved, may be condensed as follows: Appellant's husband, Christian C. Walda, was killed on September 15, 1909, at Miami Park, one of the stops on defendant's interurban railroad in Huntington County. Decedent was run upon while he was standing between the rails of defendant's track. The car which killed him was proceeding eastward with the headlight burning. Before the collision occurred he saw the car moving toward him, a sufficient length of time before being struck, to have stepped from the tracks and thus have avoided the injury. After he first entered upon the track in front of the moving car a companion pulled him back, but he immediately returned to his former position in front of the approaching car, when the car was within 300 feet of him, at the same time announcing that he would stop the car or the car would stop him. The station was only a flag station, and Walda could have given a signal for the car to stop, without danger, from either side of defendant's track, as effectively as from a position between the rails. When defendant's motorman first discovered decedent upon the tracks his car was then 300 feet west from the point where the collision occurred coming eastward at the scheduled rate of speed of thirty-five miles an hour. A car moving at that rate of speed could not have been stopped within less than 800 feet. The motorman could not have stopped his car in time to have avoided the injury, and he did not wilfully and intentionally run his car upon decedent. From the foregoing facts so clearly stated by the jury there is but one reasonable conclusion to be reached, and that is, the decedent's conduct constituted the grossest kind of carelessness and that such negligence contributed directly to his injury and death. It necessarily follows therefore that the result of the trial in the court below must be upheld unless it can be said under all the facts proven that the motorman was guilty of negligence after he knew of decedent's perilous

position on the track, or that the injury was inflicted wilfully.

It is appellant's contention that this is a case for the application of the doctrine of the last clear chance, and that although it may be admitted that the decedent voluntarily placed himself in a situation of danger in the first instance and thereby subjected himself to injury, yet he will not be denied a recovery, for the facts show that the motorman in the exercise of due care could have stopped the car and prevented the injury to decedent after he discovered his perilous position on the tracks. The doctrine sought to be invoked by appellant has been fully and ably discussed in the cases of *Indianapolis Traction, etc., Co.* v. *Croly* (1913), *post* 566, 96 N. E. 973, 98 N. E. 1091, and *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 948. In the latter case, Judge Lairy, speaking for this court on page 425 said: "In a case like this, proof of facts tending to show that decedent approached and entered upon defendant's street car track without taking any precaution for his own safety makes out a *prima facie* showing upon the question of his negligence; and proof of facts tending to show that by reason of such negligence he was placed in a position where he was exposed to the danger of being injured, and where he was actually injured by reason of the defendant's negligence, would make out a *prima facie* showing that the negligence of the decedent directly and proximately contributed to his injury. Such a showing on both of these questions would constitute a *prima facie* case of contributory negligence." The party who has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. This language is forceful and is peculiarly applicable to the facts in this case. This same doctrine and the legal principles underlying it have been discussed again fully and ably in the case of *Indianapolis Traction, etc., Co.* v. *Croly, supra.* When that opinion is

MAY TERM, 1913. 405

Walda, *v.* Fort Wayne, etc., Traction Co.—54 Ind. App. 401.

carefully read we believe the confusion which has heretofore existed from the too loose employment of language used in discussing the subject of the last clear chance will be removed. In the discussion of the case at bar it is sufficient to say that when the principles announced in that case are applied to the facts in the present case it becomes quite evident that the doctrine of the last clear chance does not apply. It clearly appears from the facts proven that the position voluntarily assumed by Walda was extremely dangerous, which fact he realized. He stood on the track facing the approaching car, and fully realized that either the motorman did not see him, or was giving no heed to the signals by which he was attempting to stop the car. Under such circumstances he is chargeable with the knowledge of the danger which existed in remaining upon the tracks. Regardless of this knowledge, however, he did remain in his perilous position after the motorman was unable to stop his car, and after it was yet within his power to leave the tracks and avoid being injured. The sole and proximate cause of the injury which he received and which resulted in his death was his own act. In short, the jury found that he was negligent in exposing himself to danger, that after he was discovered in a dangerous position by appellee's agents it was then impossible for them in the exercise of due care to stop the car before reaching him, but that he had ample opportunity to leave the tracks and prevent the injury before the collision occurred, that is, he himself, and not the motorman, had the last clear chance to avoid the collision. So we conclude that although the doctrine sought to be applied is a sound and beneficial one, which should be made use of where the facts will warrant, yet, under the facts found, appellee could not be held here under that doctrine. See cases cited in *Indiana Union Traction Co.* v. *Kraemer* (1913), 55 Ind. App. ——, 102 N. E. 141.

The jury found specifically that the motorman did not wilfully and intentionally run over Walda, hence there can

be no recovery on the third paragraph of complaint.

4. Even without this finding, the facts showing that the motorman did all in his power to prevent injuring decedent after his peril was discovered, rebut the theory of wilful negligence.

Appellant also contends that the court erred when it directed the jury to retire and answer more specifically interrogatory No. 14, and failed to return to them the

5. general verdict which they had returned into court with their answers to interrogatories. While appellant assigns no particular reason and cites us to no authority in support of this contention, we are content to say that the better practice would be in all such cases to return to the jury all papers which had previously been in their possession while deliberating upon the case. Here, however, it is clear that no harm came to appellant by reason of the court's action in this particular, because when the jury was directed to retire for the purpose alone of making a more specific answer to a single interrogatory, the court made the following statement: "All I am sending with you is the interrogatories, unless you request something further." The jury made no such request. It also appears that no changes were made in the answers to more than one interrogatory, and the more specific answer to that one, clearly shows that the general verdict would have remained unchanged.

What we have said with reference to the facts as found by the jury makes it unnecessary for us to refer to the instructions at any length. Generally the instructions given by the court stated the law with fair accuracy. Instructions Nos. 11 and 17 state in effect that if plaintiff failed to use care and diligence proportionate to the danger, he could not recover under the first or second paragraph of complaint. Instruction No. 12 told the jury that voluntary intoxication would prevent recovery under the first or second paragraph. The second paragraph proceeded upon the theory of last

clear chance. Under that doctrine, neither failure
6. to use care and diligence proportionate to the danger,
nor voluntary intoxication would prevent a recovery,
if defendant was negligent in using the last clear chance
to avoid the injury. *See Indianapolis Traction, etc., Co.*
v. *Croly, supra.* Instruction No. 7 regarding the doctrine
of the last clear chance was also not an accurate
7. statement of the law. And as applied to the circum-
stances of this case, there might be some exception
taken to the statement in instruction No. 2 that mere proof
that the car was running at high speed was not proof of
negligence. Instructions Nos. 11, 17 and 12 are so vitally
erroneous that the case would be reversed for their giving,
were it not for interrogatory No. 21 and its answer, in the
following words: "After said motorman of said car, alleged
to have struck said Walda, first discovered the presence of
said Walda on defendant's track could he have stopped his
car in time to have avoided injuring him? No." Plaintiff
could not have recovered under the doctrine of the last clear
chance unless the motorman discovered Walda on the track
in a place of danger in time to have avoided his injury.
Therefore the giving of the erroneous instructions was harm-
less, since in any event plaintiff could not have recovered
under the facts found by the jury.

It was said by Elliott, J., in the case of *Ricketts* v. *Harvey*
(1886), 106 Ind. 564, 6 N. E. 325, "Many decisions affirm
that where it appears from the answers to interrogatories
that the appellant could not have been harmed by an in-
struction, the judgment will not be reversed although the
instruction was wrong. *Worley* v. *Moore* [1884], 97 Ind.
15; *Stockton* v. *Stockton* [1881], 73 Ind. 510; *Ferguson* v.
*Hosier* [1887], 58 Ind. 438. * * * The defense which
the answer to the interrogatory reveals renders a recovery
by the plaintiff legally impossible. It cuts up his cause of
action 'root and branch.' There may be cases where an
instruction brings about or tends to bring about, a wrong

answer to an interrogatory, in which the judgment should be reversed, but this is not such a case."

Judgment affirmed.

NOTE.—Reported in 102 N. E. 978.   See, also, under (1) 3 Cyc. 388; (2) 33 Cyc. 829; (3) 33 Cyc. 854; (6) 29 Cyc. 530; (7) 38 Cyc. 1811.   As to care due to intoxicated persons, see 25 Am. St. 44.   As to intoxication of person on railroad track as affecting applicability of doctrine of last clear chance, see 31 L. R. A. (N. S.) 1032. As to exercise of due care by plaintiff after defendant's negligence, see 33 L. R. A. (N. S.) 1211.