## UNION TRACTION COMPANY *v.* BOWEN.

[No. 8,186. Filed January 28, 1914. Rehearing denied June 12, 1914. Transfer denied January 20, 1915.]

1. STREET RAILROADS.—*Injuries to Persons on Tracks.—Negligence. —Last Clear Chance.*—The general charge that defendant negligently ran its car against and upon the plaintiff thereby causing his injury, is sufficient to authorize proof of any negligence in the operation of the car which resulted in the injury complained of, including proof that those in charge of the car were negligent in failing to use the last clear chance to avoid the injury. p. 664.

2. NEGLIGENCE.—*Contributory Negligence. — Last Clear Chance.*— Contributory negligence may be a defense where the liability of defendant is predicated on the doctrine of last clear chance, if it occurred after the emergency which gave rise to defend-

ant's duty to use the last clear chance, unless it is shown that the one in charge of the injury-producing agency actually saw or knew of plaintiff's danger and knew or should have known that he was unconscious of the threatened danger in time to have avoided the injury. p. 664.

3. NEGLIGENCE.—*Last Clear Chance.* — *Knowledge of Peril.* — In cases based upon defendant's failure to use the last clear chance to avoid injury, the fact of defendant's actual knowledge of plaintiff's peril in time to avoid injury to him, or want of such knowledge, is of no importance, unless the question of contributory negligence following the exigency which gave rise to defendant's special duty is involved. p. 665.

4. NEGLIGENCE.—*Children.*—*Inability to Comprehend Danger.*—A child who by reason of tender years can not comprehend danger is incapable of negligence. p. 666.

5. STREET RAILROADS.—*Injuries to Persons on Tracks.—Liability.— Knowledge of Peril in Time to Avoid Injury.*—Where plaintiff was a child of such tender years as to be incapable of negligence, defendant was liable for injuries caused by running its car against plaintiff, if the motorman could have prevented the injury by the exercise of proper care after the emergency arose, regardless of whether he actually knew of plaintiff's peril or not. p. 666.

6. STREET RAILROADS.—*Operation of Cars.—Duty to Persons Unable to Protect Themselves.*—A company operating cars upon a public street owes to persons upon the tracks and unable to protect themselves by the exercise of care, the duty to discover their peril and to use reasonable care to avoid injuring them. p. 666.

7. APPEAL.—*Review.—Harmless Error.* — *Instructions.* — Instructions on the doctrine of last clear chance, although erroneous are not grounds for reversal, where it appears that the verdict could not have been different even if proper instructions on that subject had been given. p. 666.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Robert Bowen, by his next friend Albert D. Bowen, against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdol* and *Sheridan & Gruber,* for appellant. *Gavin, Gavin & Davis,* for appellee.

LAIRY, C. J.—Appellee by his next friend brought this action in the trial court to recover damages for personal

injuries and obtained a judgment in his favor. The action of the trial court in overruling appellant's motion for a new trial is the only error upon which appellant relies for a reversal.

The facts disclosed by the record show that appellee at the date of his injury was a child of about eight years of age and that he was struck and injured by one of appellant's cars at the intersection of Twenty-second Street and College Avenue in the city of Indianapolis. There is a double street car track on College Avenue extending practically north and south, the east track of which is used by cars going north and the west track by cars going south. The accident occurred about eight o'clock in the morning while appellee was on the way to a grocery store to do an errand for his mother. He approached College Avenue from the west on the south side of Twenty-second Street and when he reached the curb on the west side of the avenue a street car, south bound on the west track, had stopped on a line with the south side of Twenty-second Street. Appellee passed behind the standing street car and stepped out upon the east track where he was struck by an interurban car operated by appellant. The negligence charged against appellant in the complaint is that it carelessly and negligently operated the car without giving any signal or warning of its approach, and that it carelessly and negligently ran the car at a high and dangerous rate of speed, to wit, 25 miles an hour, against and upon the plaintiff. It is also alleged that a street car had just passed going north on the east track and that appellant negligently ran its interurban car following such street car within a distance of fifty feet at a high rate of speed and without giving any signal or warning of its approach.

The court under the evidence submitted the question of appellant's negligence to the jury and also submitted to the jury the question as to whether appellee was guilty of contributory negligence. In addition to this the court in-

structed the jury as to the law applicable to the doctrine of "last clear chance".

Appellant does not question the correctness of the court's proceedings in so far as they relate to the evidence and the instructions bearing upon its negligence or upon the contributory negligence of appellee, but it asserts that the court erred in submitting to the jury the question as to whether appellant had the last clear chance of avoiding the injury, and in instructing the jury as to the law relating to that question.

The first point presented by appellant is that the pleadings do not present any issue under which this question could be properly presented or decided. In the case 1. of *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 77 N. E. 945, the Supreme Court of this State held that a general charge in the complaint to the effect that the defendant negligently ran its car against and upon the plaintiff thereby causing his injury, is sufficient to authorize proof of any negligence in the operation of the car which resulted in its being run against and upon the plaintiff, including proof that the persons in charge of the car were negligent in not availing themselves of the last clear chance to avoid the injury. The principle announced has been recognized and applied in a number of decisions by this court. *Southern Ind. R. Co.* v. *Drennen* (1909), 44 Ind. App. 14, 88 N. E. 724; *Mortimer* v. *Daub* (1912), 52 Ind. App. 30, 98 N. E. 845.

The doctrine of last clear chance was discussed at some length in a recent decision of this court. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 2. N. E. 973. It is not our purpose at this time to discuss the question further than to say that the case referred to does not hold, as appellant seems to think, that contributory negligence is never a defense where the liability of the defendant is based upon this doctrine. This case attempts to draw a distinction between the general duty owing

to all persons and tne particular duty which arises in favor of a particular person who is exposed to immediate danger from contact with the car. It is said that this latter duty is born of the exigencies of the situation and that it comes into being when the emergency arises. If, after the exigency arises, the defendant is guilty of negligence in failing to take advantage of its opportunity to prevent the injury, the plaintiff can recover, unless, after the emergency arises, he is also guilty of negligence which concurs with that of the defendant in producing his injury. In applying this doctrine, any negligence on the part of the plaintiff which terminated at or before the exigency arose which gave rise to the duty to use special care, is not available as a defense to negligence on the part of the defendant occurring subsequent to that time; but subsequent negligence of the plaintiff which concurs in producing the injury is available, as a general rule, the one exception being that the defendant will be held liable notwithstanding the concurring negligence of the plaintiff where it appears that the person in charge of the car actually saw or knew of the danger to which plaintiff was exposed and also knew or should have known that the plaintiff was unconscious of the threatened danger in time to avoid the injury. Actual knowl-

3. edge or the want of such knowledge on the part of the person in charge of the car, becomes important only in cases where there is evidence that the plaintiff, subsequent to the time the exigency arose, was guilty of negligence which concurred in producing his injury. For the sake of brevity the expression, "concurring negligence", is used in the course of this opinion to designate negligence on the part of plaintiff which occurs or continues after the exigency arises which requires special care on account of existing conditions, and which continues and concurs in producing the injury.

In this case the jury in answer to interrogatory No. 36 found as a fact that appellee, by reason of his tender years,

was incapable of comprehending the danger. This being true he was incapable of negligence. If the conditions preceding the injury in this case, as shown by the evidence, were of such a nature as to show that the motorman in charge of the car could have prevented the injury by the exercise of proper care after the emergency arose, then appellee was entitled to recover, for the jury found that he was incapable of concurring negligence. If appellant was negligent in this respect and if appellee was without fault it can make no difference whether the motorman in charge of the car actually knew of appellee's danger or not. If in the exercise of ordinary care, he could have known of the danger in time to avoid the accident, his failure to discover it was such negligence as would render the company liable to one not guilty of concurring negligence.

According to the finding of the jury appellee, in this case, was incapable of protecting himself by the exercise of care. In legal contemplation he was in a like situation as one whose foot is fast in a frog, or who for some other reason is powerless to extricate himself from the threatened danger by the exercise of care. As to such persons, it frequently has been held that a company operating cars upon public streets owes the duty to discover their peril and to use reasonable care to avoid injuring them. *Indianapolis Traction, etc., Co.* v. *Croly, supra; Pickett* v. *Wilmington, etc., R. Co.* (1895), 117 N. C. 616, 23 S. E. 264, 53 Am. St. 611, 30 L. R. A. 257, and case there cited; *Houston, etc., R. Co.* v. *Sympkins* (1881), 54 Tex. 615, 38 Am. Rep. 632; note to *Dyerson* v. *Union Pac. R. Co.* (1906), 7 L. R. A. (N. S.) 132.

Appellant complains of the action of the trial court in giving certain instructions to the jury. When these instructions are considered in the light of legal principles heretofore stated they appear to be harmless even though they are erroneous. Instruction No. 10

is as follows: "It is the rule although plaintiff may have been guilty of negligence in exposing himself to danger, on or near the track of defendant, yet, if after discovering him in this perilous position, or if in the exercise of ordinary diligence and attention to his duties, the motorman could have discovered him in that position in time to have avoided running upon him and injuring him by the exercise of due care under the circumstances in giving him warning, or in checking or stopping the car, the company will be liable for damages resulting from such failure to use ordinary care." An instruction such as this was held to be erroneous in the case of *Indianapolis Traction, etc., Co.* v. *Croly, supra.* For the reason there stated such an instruction is erroneous in any case where there is evidence of concurring negligence on the part of plaintiff. This instruction is erroneous as applied to the evidence in this case and the giving of it would constitute reversible error if it did not affirmatively appear from the record that appellee in this case could not have been guilty of concurring negligence. The error in this instruction is cured by the answer of the jury to interrogatory No. 36. What has been said in reference to instruction No. 10 applies with equal force to instruction No. 11. Instruction No. 9 is subject to a like criticism, but in view of the answer to interrogatory No. 36, the error if any, was harmless. If correct instructions had been given as to the law relating to the doctrine of last clear chance, the verdict could not have been different inasmuch as the jury reached the conclusion that appellee was incapable of negligence.

The record does not show reversible error. Judgment affirmed.

Note.—Reported in 103 N. E. 1096. As to doctrine of last clear chance as affected by question whether negligence of plaintiff or decedent and of defendant was concurrent, see 7 L. R. A. (N. S.) 132, 152; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; 27 L. R. A. (N. S.) 379. As to recovery for injury to child in attempting to cross street car tracks notwithstanding his contributory

negligence, see 11 L. R. A. (N. S.) 174. As to applicability of doctrine of last clear chance where danger not actually discovered, see 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. As to whether wantoness or wilfulness, precluding defense of contributory negligence, may be predicated on the omission of a duty before the discovery of a person in a position of peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427. As to application of last clear chance to injury sustained by person standing or walking close to railroad track, see Ann. Cas. 1912 B 1242.