EVANSVILLE RAILWAYS COMPANY v. MILLER, ADMINISTRATRIX.

[No. 8,941. Filed March 16, 1916. Rehearing denied June 6, 1916. Transfer denied April 4, 1917.]

1. APPEAL.—Briefs.—Sufficiency.—Rules of Court.—Good-Faith Compliance.—Where appellant's briefs evidence a good-faith effort to comply with the rules of court governing the preparation of briefs, and do, in fact, substantially comply therewith, the questions attempted to be presented will be considered and determined. p. 210.

2. NEGLIGENCE.—Action.—Pleading.—Contributory Negligence. —Negativing Averments.—In an action for negligent death, an allegation in the complaint that decedent at the time he received his injury was in the exercise of due care sufficiently negatives contributory negligence on the part of decedent, in the absence of facts specially averred showing that he was guilty of negligence contributing to his injury. pp. 211, 212.

3. STREET RAILROADS.—Passengers.—Creation of Relation.—Care Required.—One who is upon a station platform awaiting the arrival of a car with the intention of becoming a passenger thereon is a passenger, to whom the carrier owes the duty of ordinary care. p. 211.

4. STREET RAILROADS.—Injury to Passenger.—Contributory Negligence.—Standing on Station Platform.—A prospective passenger standing on a station platform, awaiting the arrival of a car, is entitled to assume that he can occupy any part of it without danger of being struck by a passing car, and, if injured while upon such platform, he is not chargeable with contributory negligence in the absence of knowledge, either actual or constructive, that he was exposing himself to danger. p. 212.

5. STREET RAILROADS.—Injury to Passenger.—Action.—Pleading. —Last Clear Chance.—In an action against a street railroad

Evansville R. Co. *v.* Miller—64 Ind. App. 206.

company for the death of a prospective passenger killed by being struck by a car which he was signaling to stop while standing on a station platform, a general averment in the complaint that the defendant carelessly and negligently caused and permitted its car to strike decedent is sufficient to authorize the introduction of evidence to which the last clear chance doctrine is applicable. p. 213.

6. STREET RAILROADS.—*Injury to Passenger.—Complaint.—Negativing Last Clear Chance.*—In an action against a street railroad for the death of a prospective passenger killed by being struck by a passing car while standing on a station platform, averments in the complaint that the car was equipped with a headlight which permitted defendant's servants to observe decedent's dangerous position from a point five hundred feet away, that they knew he would be struck by the steps of the car unless it was stopped, but that they carelessly and negligently permitted the car to strike decedent, and that decedent was at all times in the exercise of due care and caution, are sufficient to negative the fact of deceased having the last clear chance to avoid the injury. p. 213.

7. STREET RAILROADS.—*Injury to Passenger.—Instruction.—Last Clear Chance.—Evidence.*—In an action against a street railroad company for the death of a prospective passenger who was struck by a car for which he was waiting on a station platform, instructions informing the jury that defendant was liable, regardless of decedent's antecedent negligence, even though it had no actual knowledge of the perilous situation of deceased, were erroneous in the absence of evidence to show that decedent was in a position of peril from which he could not extricate himself or that the motorman actually saw him in such a situation as to indicate to a man of ordinary prudence that he was in danger of being injured by the car, in either of which cases the motorman would be charged with knowledge of the peril and be bound to use care commensurate with the danger to avoid injury. (*Indiana, etc., R. Co.* v. *Kraemer* [1913], 55 Ind. App. 190, distinguished.)   p. 213.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Margaret E. Miller, administratrix of the estate of Lorenz Miller, deceased, against the Evansville Railways Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Albert W. Funkhouser, Arthur F. Funkhouser, John T. Ballard* and *Sanford Trippett,* for appellant.

*R. U. Barker, G. V. Menzies, Lucius C. Embree* and *Morton C. Embree,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $2,250, in an action brought by her to recover damages for the death of Lorenz Miller, her husband. The complaint is in three paragraphs, to each of which a demurrer was filed, but as the verdict and judgment below are based on the first and second paragraphs, they only will be considered.

The averments common to both paragraphs and necessary to an understanding of the questions herein considered, briefly stated, are in substance as follows: Appellant operates an electric railroad in Posey county, Indiana. On its line of road in said county is a flag station called St. Phillips, where appellant maintains a small building and a narrow platform for the embarkation of passengers on its cars when such cars are signaled to stop by such intended passengers. On the day in question, about six o'clock in the evening and after dark, appellee's decedent was at said station on said platform intending to become a passenger on one of appellant's cars. Many other persons who also intended to become passengers on the same car were at the same time on said platform. Such platform was small and so filled with passengers that there remained little room to move about thereon, and *decedent was forced to be near the edge thereof next to appellant's track* when one of appellant's cars approached such station at a high and dangerous rate of speed, to wit, forty-five miles per hour. Appellant's servants in charge of such car and the operation thereof negligently failed to have it and its machinery under control so that it might be stopped at said station. Appellant had carelessly and negligently constructed that

part of its track in front of the platform so close thereto that the steps of passing cars projected very near to such platform, and appellant had carelessly and negligently constructed its track at such point in such a rough and uneven manner that its said car on the occasion in question in passing over such track at such high speed swayed and rocked from side to side and the steps thereof swayed and projected over such platform in such manner that they would come in contact with and strike and injure a person standing near the edge of such platform. On the occasion in question, and under the conditions stated, appellee's decedent, *being wholly ignorant of the dangerous and negligent construction of the platform,* while so standing thereon as such passenger for the purpose of signaling for said car to be stopped "by setting fire to a paper and waving the same over said track as said car approached in plain view of the servants of the defendants in charge of said car, and while the same was yet at considerable distance from said platform, to wit, 500 feet, endeavored to signal to said servants to stop said car at said platform."

From this point the two paragraphs differ. The averments of the first are to the effect that appellant's servants, by looking in front of them as the car approached, could have seen, and hence did see, said signal in ample time to have stopped the car at the station; that they well knew the danger of running such car past the platform at high speed while persons were standing thereon; that such servants carelessly and negligently failed to look forward along said track in front of such car and negligently and carelessly caused and permitted such car to run past such station and platform at said high and dangerous rate of speed with the result that the steps of such car projected over said

platform and struck the decedent and injured him, from which injuries he died.

The averments of the second paragraph differing from the first are as follows: *Said car was provided with a headlight which cast a bright light in front thereof, and along said track for five hundred feet and by means thereof decedent, while standing upon said platform was in plain view of appellant's servants in charge of said car, and said servants saw decedent and knew that said car and the steps thereof would come in contact with and strike him, unless said car should be stopped, or the speed thereof greatly decreased, before the same reached him, that said servants in disregard of such knowledge negligently and carelessly caused and permitted said car to run past said platform, and said station at said high and dangerous rate of speed and negligently and carelessly suffered and permitted said car and the steps thereof to come in contact with and strike decedent, etc.*

Both paragraphs aver that decedent *was at all times in the exercise of due care and caution, and was wholly ignorant of the danger of so standing upon said platform and of the fact that said steps projected so near the same* and that decedent's death was caused solely by the negligence of appellant and its servants as herein alleged.

It is very earnestly insisted by appellee that appellant's briefs present no question to this court for its consideration. A motion to dismiss the appeal, 1. based on the same grounds, has been previously considered by this court and overruled without an opinion. Such ruling does not, of course, foreclose such question, but the court, after further and full consideration of appellee's objections to such briefs, is of the opinion that as to some of the questions attempted to be presented therein they evidence a good-faith ef-

fort to comply with the rules of the court, and do, in fact, substantially comply therewith. Hence it becomes our duty under the rules and the construction placed thereon by the Supreme Court and this court to consider and determine such questions. *Price* v. *Swartz* (1911), 49 Ind. App. 627, 97 N. E. 938; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E. 546, and cases cited; *Magnuson* v. *Billings* (1898), 152 Ind. 177, 180, 52 N. E. 803; *Griffith* v. *Felts* (1912), 52 Ind. App. 268, 99 N. E. 432; *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 109 N. E. 230; *Repp* v. *Indianapolis, etc., Traction Co.* (1915), 184 Ind. 671, 111 N. E. 614.

The ruling on the demurrer to each of the paragraphs of complaint is challenged by such briefs. The only objection to the first paragraph is that "it affirm-

2. atively shows that appellee's decedent was guilty of contributory negligence." The averments common to both paragraphs, *supra*, which we have italicized, and the law applicable thereto answer this contention. The general averment that appellee's decedent at the time he received his injury was in the exercise of due care, etc., makes such paragraph sufficient, unless it can be said that the facts specially averred show that he was guilty of negligence contributing to his injury. *New York, etc., R. Co.* v. *Mushrush* (1894), 11 Ind. App. 192, 194, 37 N. E. 954, 38 N. E. 871; *Evansville, etc., R. Co.* v. *Athon* (1892), 6 Ind. App. 295, 299, 33 N. E. 469, 51 Am. St. 303; *Citizens' Street R. Co.* v. *Sutton* (1897), 148 Ind. 169, 173, 46 N. E. 462, 47 N. E. 462, and cases cited.

The specific averments of such paragraph tend to support, rather than contradict, such general

3. averment. One who is upon a station platform immediately before the arrival of a car, awaiting the arrival thereof with the intention of becoming a pas-

senger thereon, is a prospective passenger, to whom the carrier operating such car owes the duty of ordinary care. *Indianapolis, etc., R. Co*. v. *Wall* (1913), 54 Ind. App. 43, 101 N. E. 680; *Pere Marquette R. Co.* v. *Strange* (1908), 171 Ind. 160, 164, 165, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. (N. S.) 1041, and authorities cited; *Citizens' Street R. Co.* v. *Jolly* (1903), 161 Ind. 80, 67 N. E. 935; *Citizens' Street R. Co.* v. *Twiname* (1887), 111 Ind. 587, 13 N. E. 55. Such prospective passenger is entitled to assume that so long as

4.  he occupies any part of such platform, he is in no danger of being struck by a passing train or car, unless he has knowledge, actual or constructive, to the contrary, and such passenger cannot be charged with contributory negligence as matter of law by reason of his taking a position on such platform too near a passing train or car, unless, as above indicated, he had knowledge, actual or constructive, that by taking such position he was exposing himself to the danger of being struck or otherwise injured by such train or car. *Metcalf* v. *St. Louis, etc., R. Co.* (1908), 156 Ala. 240, 47 South. 158; *Campbell* v. *Railroad Co.* (1909), 95 Miss. 309, 48 South. 618, 21 Ann. Cas. 1179; *Langan* v. *St. Louis, etc., R. Co.* (1880), 72 Mo. 392; *Dobiecki* v. *Sharp* (1882), 88 N. Y. 203; *Chicago, etc., R. Co.* v. *Wilson* (1872), 63 Ill. 167.

The specific averments of said paragraph of complaint show that the platform was narrow and crowded and that decedent was forced to stand where he

2.  did and that in doing so he was wholly ignorant that he was exposing himself to any danger, and hence affirmatively show his freedom from negligence, whereas such specific averments can overthrow the general averment that plaintiff was exercising due care only when they affirmatively show that he was negli-

gent. *New York, etc., R. Co.* v. *Mushrush,* supra, and cases cited.

The objection to the second paragraph of complaint is that it affirmatively shows that "the decedent had the last clear chance to avoid the injury," and 5. hence that it does not state a cause of action on such theory. As against this objection it is sufficient to say that the last clear chance doctrine, generally speaking, has application to the evidence rather than the pleadings, because a complaint which, like the paragraph under consideration, contains a general averment that the defendant carelessly and negligently caused and permitted its car or train to come in contact with and strike the plaintiff, is sufficient to authorize the introduction of evidence to which the last clear chance doctrine is applicable. *Indianapolis Street R. Co.* v. *Marschke* (1905), 166 Ind. 490, 77 N. E. 945; *Picken* v. *Miller* (1915), 59 Ind. App. 115, 108 N. E. 968, and cases cited; *Cleveland, etc., R. Co.* v. *Van Laningham* (1912), 52 Ind. App. 156, 167, 168, 97 N. E. 573, and cases cited; *Union Traction Co.* v. *Bowen* (1914), 57 Ind. App. 661, 664, 103 N. E. 1096. In any event the italicized averments of the second 6. paragraph of complaint, *supra,* in connection with what we have said in our discussion of the first paragraph, dispose of appellant's said objection.

Instruction No. 7 given by the court of its own motion and No. 6 given at appellee's request are challenged. These instructions are, respectively, as 7. follows: No. 7. "The doctrine of 'last clear chance' as applied to this case is that the defendant, in running and operating its car, failed to exercise reasonable care after it became apparent to the motorman on the car, *or should have become apparent to him if he had exercised ordinary care,* that a collision with plaintiff's decedent was likely to occur. In such a case,

in order that the plaintiff may recover, it need only have been proved to your satisfaction by a fair preponderance of the evidence that under the circumstances and conditions as shown by the evidence in this case, it became apparent to the motorman on the defendant's car that a collision was likely to occur between the car and plaintiff's decedent and after it so became apparent to him, the motorman, by the use of ordinary care could have checked or stopped the car in time to have avoided the collision and consequent injury to plaintiff's decedent and that he failed to do so. In such event the motorman would be chargeable with negligence in failing to do what he could have done by the exercise of reasonable care; and if you find that plaintiff's decedent was so negligent such later negligence is, in law, held to be the proximate cause of the injury, and the prior negligence of plaintiff's decedent is held to be the remote cause only, and plaintiff's decedent is not chargeable with negligence that will prevent a recovery by plaintiff in this action, by reason of such remote cause only."

No. 6. "If you find from the evidence that the defendant's motorman in charge of the car that collided with plaintiff's decedent, saw and knew or by the exercise of ordinary care could have seen and known, that plaintiff's decedent was in close and dangerous proximity to the track and was in a perilous and dangerous position and was likely to be injured by being struck by the car, and you further find from the evidence that defendant's motorman saw and knew the peril in which plaintiff's decedent was in time to have avoided striking him, but failed to do so, the motorman's negligence in so failing was in law the last negligence that caused the injury."

Neither of these instructions correctly state the doctrine of last clear chance as applied to the facts of this

case. This doctrine has been recently considered and defined by this court in an opinion by Lairy, J. (*Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091), in which he has very thoroughly and ably discussed the several phases of its application and indicated the reasons and grounds for each. A careful examination and study of that case will clearly reveal the infirmities in each of the instructions, *supra*. The italicized words of the first paragraph of instruction No. 7 make appellant liable, though it had no actual knowledge of decedent's peril, and hence is erroneous.

The doctrine of last clear chance applies to those "cases only where the defendant's opportunity of preventing the injury by the exercise of due care was later in point of time than that of plaintiff," and constructive knowledge on the part of the defendant gives rise to such opportunity in either of two instances, viz.: (1) If decedent were in fact in a situation of peril from which he could not extricate himself, like a man with his foot fastened in the frog of the track, appellant's duty to keep a lookout, if such duty in fact existed, and it did in this case, would charge it with constructive knowledge of what it saw or might have seen by keeping such lookout, and hence charge it with knowledge of decedent's perilous situation and thereby give rise to the new duty born of the emergency, to use care commensurate therewith to prevent injury to decedent. (2) If appellant's motorman actually saw decedent, he would likewise be constructively charged with seeing the peril to which he was exposed, or was about to expose himself, provided, of course, that decedent's situation was such, when seen by such motorman, as to indicate to a man of ordinary prudence that he, decedent, was in danger of being injured by appellant's car, in which event the new duty born of this emergency

would require the motorman to use every reasonable means to avoid injuring him. The evidence in the instant case did not conclusively show either of the assumed conditions, *supra*. It follows that said instructions were erroneous. *Indianapolis Traction etc., Co.* v. *Croly supra; Union Traction Co.* v. *Bowen, supra; Clevelánd, etc., R. Co.* v. *Van Laningham, supra; Pennsylvania Co.* v. *Reesor* (1915), 60 Ind. App. 636, 108 N. E. 983, 988, 989; *Walda* v. *Fort Wayne, etc., Traction Co.* (1913), 54 Ind. App. 401, 102 N. E. 978; *New York, etc., R. Co.* v. *Ault* (1913), 56 Ind. App. 293, 102 N. E. 988; *Eckhart* v. *Marion, etc., Traction Co.* (1915), 59 Ind. App. 217, 109 N. E. 224.

Appellee insists that instruction No. 7, *supra,* is practically the same as one approved by this court in the case of *Indiana, etc., R. Co.* v. *Kraemer* (1913), 55 Ind. App. 190, 102 N. E. 141. In the case mentioned the instruction is not set out in the opinion and was not necessarily approved. The court in that case simply held, and properly so, that the giving of such instruction was not reversible error under the facts of that case, which facts differ from those here involved, in that the motorman in that case admitted that he saw the injured party approaching the track with an umbrella over him, etc.

In this connection it should be stated that, in instruction No. 7, the court in applying said doctrine to the facts of this case required the jury to find that "it became apparent to the motorman on the defendant's car that a collision was likely to occur," etc., thereby in a measure curing the error present in the first part of the instruction; but in applying the doctrine in instruction No. 6, *supra*, the error indicated is repeated, so that the instructions are in themselves contradictory, and hence may have misled the jury.

In view of the conclusion reached, we deem it unnec-

essary to consider appellant's contention that the verdict of the jury is not sustained by sufficient evidence, and that certain instructions tendered by appellant should have been given. The errors in the instructions indicated entitled appellant to a new trial, and hence necessitate a reversal of the judgment below. Such judgment is therefore reversed with instructions to the trial court to grant the new trial and permit such further proceedings as may be consistent with this opinion.

NOTE.—Reported in 111 N. E. 1031. Carriers: who are passengers, creation of relation, Ann. Cas. 1917C 1206; 61 Am. St. 75; 10 C. J. 613; 6 Cyc 536. Application of doctrine of last clear chance where danger is not actually discovered, 55 L. R. A. 418; 36 L. R. A. (N. S.) 957. See under (4) Ann. Cas. 1916A 139.